UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AVION LAWSON,

      Plaintiff,

v.                                  Case No. 3:15cv574/RV/CJK

K.M. DEMOND, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). Upon review of the complaint and plaintiff's litigation history, the court concludes this case should be dismissed without prejudice under 28 U.S.C. § 1915(g) because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the full filing fee upon initiation of this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

dismissed on the grounds that it is frivolous, malicious, or fails to state
a claim upon which relief may be granted, unless the prisoner is under
imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing

fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of

his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)

(holding that "the proper procedure is for the district court to dismiss the complaint

without prejudice when it denies the prisoner leave to proceed *in forma pauperis*

pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee

at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324

(11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full

filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges

that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g);

*Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of three federal civil actions previously filed by

plaintiff, while incarcerated, which were dismissed as malicious. *See Lawson v.

Barber, et al.*, Case No. 5:15cv229/MP/EMT (doc. 14) (N.D. Fla. Nov. 23, 2015)

(dismissing action without prejudice as malicious under 28 U.S.C. §

1915(e)(2)(B)(i)); *Lawson v. Marshall, et al.*, Case No. 5:15cv199/LC/GRJ (doc. 11)

(N.D. Fla. Oct. 30, 2015) (dismissing action without prejudice for abuse of the judicial process and noting the dismissal operates as a "strike" pursuant to 28 U.S.C. § 1915(g)); *Lawson v. Leavins, et al.*, Case No. 5:15cv76/RS/EMT (doc. 9) (N.D. Fla. May 5, 2015)) (dismissing case without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)).  Plaintiff's status as a three-striker has also been recognized by this court.  *See Lawson v. Tanner, et al.*, Case no. 3:15cv558/MCR/CJK (docs.5, 7) (N.D. Fla. Feb. 22, 2016).  The foregoing cases may be positively identified as having been filed by plaintiff because they bear his Florida Department of Corrections' inmate number, "W38414."

Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g), *Brown, supra*.  Plaintiff alleges Lt. Schrock and Officer Demond assaulted him without provocation inside the disciplinary report court room.  Sgt. Stokes stood outside the court room and failed to intervene.  Plaintiff claims he was attacked because he "expressed that Demond and Schrock cover up for their co-workers and are aware that staff kept retaliating against him falsifying misconduct reports to keep him on close management."  About seven days later, Ms. Demond encountered plaintiff in the hallway and stated, "O yeah Mr. Lawson I'm going to make sure with

all my power that your ass gets continued here at Santa Rosa so enjoy your stay cause you're going to be here a long freaking time you hear me."

Although plaintiff indicates he was subject to excessive force in the past, his allegations do not suggest he is in "imminent danger of serious physical injury." *See Brown*, 387 F.3d at 1349 ("a prisoner must allege a present imminent danger, as opposed to a past danger"). In addition, Demond's alleged statement does not contain any threat of violence. Because plaintiff did not pay the $400.00 filing fee at the time he initiated this action, and because it plainly appears plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.      That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2.      That the clerk be directed to close the file.

At Pensacola, Florida, this 11th day of March, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.